**Daniel Geoffrey LEONARD, Plaintiff–Appellant,**

v.

**Bryan D. HOOVER, Correctional Officer, et al., Defendants–Appellees.**

No. 03–1398.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2003.

Daniel Geoffrey Leonard, Baraga, MI, pro se.

Mitchell J. Wood, Office of the Attorney General, Lansing, MI, for Defendant–Appellee.

Before GIBBONS and SUTTON, Circuit Judges; and TARNOW, District Judge.*

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

Daniel Geoffrey Leonard, a Michigan prisoner proceeding pro se, appeals the district court order granting summary judgment to the defendants in his civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Leonard sued Corrections Officer Bryan D. Hoover, Lieutenant Edward G. Bowers, III, Sergeant Mathew E. Obiden, and Warden George Pennell, all employees of the Michigan Department of Corrections at the Baraga Maximum Correctional Facility. Leonard alleged that, while extracting him from his prison cell, Hoover beat him and Bowers sprayed him with a chemical agent. Obiden supervised Hoover, and Pennell had supervisory power over the other defendants. After a period of discovery, the defendants moved for summary judgment. The district court granted summary judgment to the defendants. The court concluded that the evidence submitted by the defendants, including a videotape of the incident, established that there was no genuine issue of material fact and that the defendants were entitled to a judgment as a matter of law. The court also held that the defendants were entitled to qualified immunity.

On appeal, Leonard argues that: (1) the district court erred by weighing the evidence; (2) Leonard presented issues of material fact; and (3) the district court relied on misleading information to dismiss Leonard's complaint. Leonard also requests entry of default judgment.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Upon review, we conclude that the district court properly granted summary judgment to the defendants. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). A claim alleging a violation of the Eighth Amendment has both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The official must have acted with a sufficiently culpable state of mind, and the alleged wrongdoing must be objectively harmful enough to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In an excessive use of force claim, the subjective component requires the plaintiff to show that the defendants acted "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." *Id.* at 6 (quoting *Whitley*, 475 U.S. at 320–21).

The defendants carried their initial burden of establishing an absence of evidence to support Leonard's case, and Leonard failed to present significant probative evidence in support of his complaint to defeat the defendants' motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Prison staff learned that Leonard had a hand-made rope in his cell. Leonard refused repeated orders to go to the front of his cell and be restrained while the cell was searched. He told an officer to "bring the gas," covered his face with a make-shift mask, and hid behind a rolled-up mattress. Warden Pennell authorized the use of chemical agents. Bowers applied the chemical agent and an extraction team entered Leonard's cell after he continued to refuse to go the cell door. Hoover used a shield to hold Leonard face-down on the ground. Several officers who witnessed the extraction all stated that Leonard attempted to kick and "head-butt" Hoover, while Leonard maintained that he did not resist after the extraction team entered his cell. Hoover employed the "mandibular angle hold," and the extraction team applied arm and leg restraints and removed Leonard from the cell.

■ There was no genuine issue as to any material fact, and the defendants were entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The officers had reason to believe Leonard had dangerous contraband, and his repeated refusals to comply with orders to submit to a search justified the application of force. Indeed, Leonard did not deny that he told an officer to "bring the gas" and that he covered his face. "[T]he use of mace to control a prison inmate is not malicious or sadistic." *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir.2002). In this case, Leonard invited the use of the chemical agent. Moreover, he suffered only minor injuries as a result of the extraction. No jury could reasonably find that the defendants violated Leonard's Eighth Amendment rights. *See Hudson*, 503 U.S. at 7; *Anderson*, 477 U.S. at 252.

58

Leonard's arguments on appeal are without merit. If Leonard's version of the facts is accepted, the defendants were justified in applying the chemical agent and force. Leonard points to small discrepancies between his account and the district court's description, but nothing that would change the result of the case.

For the foregoing reasons, we deny the motion for default judgment and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.